UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PLON REALTY CORP.,

         Plaintiff,

 -against-

TRAVELERS INSURANCE COMPANY,

         Defendants.
----------------------------------------------------------------X

Docket No.  04 CV 9275 (RWS)
       (AJP)

**ANSWER**

Defendant, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ("TCT") s/h/e/a TRAVELERS INSURANCE COMPANY, by its attorneys, Speyer & Perlberg, LLP, as and for its answer to plaintiff's complaint, alleges upon information and belief, as follows:

  1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs numbered "1" and "2 of the complaint.

  2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint except admits that TCT issued insurance policy no. I-680-994Y3418-TCT-03 ("the policy") and begs leave to refer to the terms and conditions of the original policy when the same is produced by the plaintiff at the trial of this action.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "4" of the complaint except admits that a claim file designated AKC6189 was maintained with regard to the claim in question.

4. Denies the allegations set forth in paragraph numbered "5" of the complaint except admits that plaintiff's claim was denied because it was not covered under the policy.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint except admits that no payment has been made to the plaintiff.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "7" of the complaint except admits that TCT is a Connecticut corporation licensed to do business in the State of New York.

7. Denies the allegations set forth in paragraph numbered "8" of the complaint.

8. Denies the allegations set forth in paragraph numbered "9" of the complaint except admits that after on or about February 13, 2004 one or more persons employed by defendant or acting at its direction viewed the premises described in the complaint as 42 East 23rd Street, New York, New York ("the premises") but that such viewing did not constitute a waiver or limitation of or otherwise prejudice any of TCT's rights or defenses under the

policy, the insurance laws or otherwise and that such viewing did not give rise to any estoppel to assert such rights.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

9. Defendant repeats, reiterates and realleges each and every allegation set forth, *supra*, in paragraphs "1" to "8" inclusive with the same force and effect as though the same were more fully set forth at length herein.

10. The complaint fails to state as cause of action upon which relief can be granted.

11. By reason of the foregoing, defendant is not liable to plaintiff in any manner or in any amount.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

12. Defendant repeats, reiterates and realleges each and every allegation set forth, *supra*, in paragraphs "1" to "11" inclusive with the same force and effect as though the same were more fully set forth at length herein.

13. The policy provides, among other terms and conditions, as follows:

**5.     Limitations**

*     *     *

    **e.**    We will not pay for any loss or damage caused by any of the following even of they are Covered Causes of Loss if the building where loss or damage occurs has been "vacant" for more than 60 consecutive days before that loss or damage occurs:

        **(1)**    Vandalism;

        **(2)**    Sprinkler Leakage, unless you have protected the system against freezing;

        **(3)**    Building glass breakage;

        **(4)**    Water Damage;

        **(5)**    Theft;  or

        **(6)**    Attempted theft.

With respect to Covered Causes of Loss other than those listed in **5.e.(1)** through **5.e.(6)** above, we will reduce the amount we would otherwise pay for the loss or damage by 15%.

14.     The alleged loss or damage was caused by sprinkler leakage.

15.     The sprinkler system at the premises was not protected against freezing.

16. The alleged loss or damage was caused by water damage.

17. The premises were vacant for more than 60 consecutive days before the alleged loss or damage occurred.

18. By reason of the foregoing, defendant is not liable to plaintiff in any manner or in any amount.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

19. Defendant repeats, reiterates and realleges each and every allegation set forth, *supra*, in paragraphs "1" to "18" inclusive with the same force and effect as though the same were more fully set forth at length herein.

20. The policy provides, among other terms and conditions, that various property is excluded from coverage.

21. The policy provides, among other terms and conditions, that it covers only specified property.

22. If defendant is liable to plaintiff in any manner or in any amount, which is denied, then defendant will not be liable to plaintiff for loss of or damage to any property which falls into any of the categories of property excluded from coverage pursuant to the

policy and will only be liable for the loss of or damage to that property which is specified as covered under the policy.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23. Defendant repeats, reiterates and realleges each and every allegation set forth, *supra*, in paragraphs "1" to "22" inclusive with the same force and effect as though the same were more fully set forth at length herein.

24. The policy sets forth various terms, conditions, provisions, clauses, endorsements, amendments and declarations and if defendant is adjudged liable to plaintiff in this action, which is denied, then such liability will be subject to such terms, conditions, provisions, clauses, endorsements, amendments and declarations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

25. Defendant repeats, reiterates and realleges each and every allegation set forth, *supra*, in paragraphs "1" to "24" inclusive with the same force and effect as though the same were more fully set forth at length herein.

26. The policy provides, among other terms and conditions, for various limits of liability, sublimits of liability and special limits of liability in connection with any claim made under it.

27. If defendant is liable to plaintiff in any manner or in any amount, which is denied, then such liability will not exceed the various limits of liability, sublimits of liability and special limits of liability set forth in the policy.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

28. Defendant repeats, reiterates and realleges each and every allegation set forth, *supra*, in paragraphs "1" to "27" inclusive with the same force and effect as though the same were more fully set forth at length herein.

29. The policy contains, among other terms and conditions, one or more valuation provisions.

30. The policy contains, among terms and conditions, one or more loss payment provisions.

31. If defendant is liable to plaintiff in any manner or in any amount, which is specifically denied, then such liability will be governed by the applicable valuation provisions and loss payment provisions of the policy.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32.     Defendant repeats, reiterates and realleges each and every allegation set forth, *supra*, in paragraphs "1" to "31" inclusive with the same force and effect as though the same were more fully set forth at length herein.

33.     The policy contains, among other terms and conditions, one or more "co-insurance" provision.  In the event that defendant is liable to plaintiff in any manner or in any amount, which is denied, such liability is subject to the "co-insurance" provisions of the policy.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

34.     Defendant repeats, reiterates and realleges each and every allegation set forth, *supra*, in paragraphs "1" to "33" inclusive with the same force and effect as though the same were more fully set forth at length herein.

35.     The policy provides, among other terms and conditions, for the application of one or more deductibles.

36.     In the event defendant is held liable to the plaintiff, which is denied, the amount of the policy proceeds shall be reduced in accordance with the terms of the aforementioned deductible provisions.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

37. Defendant repeats, reiterates and realleges each and every allegation set forth, *supra*, in paragraphs "1" to "36" inclusive with the same force and effect as though the same were more fully set forth at length herein.

38. Any alleged loss which may have been covered under the policy, which is denied, does not exceed the amount of the applicable deductibles.

39. By reason of the foregoing, defendant is not liable to plaintiff in any manner or for any amount.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

40. Defendant repeats, reiterates and realleges each and every allegation set forth, *supra*, in paragraphs "1" to "39" inclusive with the same force and effect as though the same were more fully set forth at length herein.

41. The policy provides, among other terms and conditions, as follows:

**B.    EXCLUSIONS**

    **1.**   We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

*   *   *

    **h.**    **Neglect**

        Neglect of an insured to use reasonable means to save and preserve property from further damage at and after the time of loss.

*   *   *

**E.**    **PROPERTY LOSS CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

*   *   *

    **3.**    **Duties in the Event of Loss or Damage**

    **a.**    You must see to it that the following are done upon the discovery of loss or damage, or a situation that may lead to loss or damage, to Covered Property:

*   *   *

    **(4)**    Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

42. Plaintiff did not mitigate its damages in accordance with these provision of the policy or in any other way.

43. By reason of the foregoing, defendant is not liable to plaintiff in any manner or in any amount.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

44. Defendant repeats, reiterates and realleges each and every allegation set forth, *supra*, in paragraphs "1" to "43" inclusive with the same force and effect as though the same were more fully set forth at length herein.

45. The policy provides, among other terms and conditions, as follows:

    **E.   PROPERTY LOSS CONDITIONS**

    The following conditions apply in addition to the Common Policy Conditions:

    *   *   *

    **3.   Duties in the Event of Loss or Damage**

    **a.** You must see to it that the following are done upon the discovery of loss or damage, or a situation that may lead to loss or damage, to Covered Property:

    *   *   *

       **(2)**    Give us prompt notice of the loss or damage. Include a description of the property involved.

       **(3)**    As soon as possible, give us a description of how, when and where the loss or damage occurred.

46.    The purported loss or damage did not occur on the date plaintiff claims but substantially before such date.

47.    Plaintiff did not give TCT prompt notice of the purported loss or damage, nor a description of the property involved.

48.    Plaintiff did not, as soon as possible, give TCT a description of how, when and where the purported loss or damage occurred.

49.    By reason of the foregoing defendant is not liable to plaintiff in any manner or amount.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

50.    Defendant repeats, reiterates and realleges each and every allegation set forth, *supra*, in paragraphs "1" to "49" inclusive with the same force and effect as though the same were more fully set forth at length herein.

51. The policy provides, among other terms and conditions, as follows:

**FRAUD**

We do not provide coverage for any insured ("insured") who has made fraudulent statements or engaged in fraudulent conduct in connection with any loss ("loss") or damage for which coverage is sought under this policy.

52. The public policy of the State of New York is that an insurance carrier is not liable for dishonest, false or fraudulent claims or in instances where the insured misrepresents the facts of a claim to the carrier.

53. Plaintiff made fraudulent statements or engaged in fraudulent conduct in connection with the insurance claim in question.

54. The insurance claim in question is a dishonest, false or fraudulent claim.

55. Plaintiff misrepresented to defendant the facts of the insurance claim in question.

56. By reason of the foregoing defendant is not liable to plaintiff in any manner or amount.

WHEREFORE, defendant demands judgment dismissing the complaint together with the costs, fees, attorneys' fees and disbursements of this action; and such other and further relief which to this court appears just and proper in the circumstances.

Dated: New York, New York
December 27, 2004

SPEYER & PERLBERG, LLP
Attorneys for defendant, TRAVELERS INSURANCE COMPANY

_____
Mark Ian Binsky (1592)
5 Hanover Square, 10th Floor
New York, New York 10004
(212) 943-1550
File No.: 04-0198 MIB (23)

TO: MARINO & VENEZIANO, ESQS.
Attorneys for plaintiff
By: Amelio P. Marino, Esq.
163 West 71st Street
New York, New York 10023
(212) 873-7297