UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

PLON REALTY CORP.,

      Plaintiff,    04 Civ. 9275

 -against-        OPINION

TRAVELERS INS. CO.,

      Defendant.

------------------------------------X

A P P E A R A N C E S :

  Attorneys for Plaintiffs

  MARINO & VENEZIANO, ESQS.
  163 West 71st Street
  New York, NY 10023
  By: Amelio P. Marino, Esq.


  Attorneys for Defendants

  SPEYER & PERLBERG, LLP
  277 Broadway, 9th Floor
  New York, NY 10007
  By: Mark Ian Binsky, Esq.

**Sweet, D.J.**

Defendant Travelers Indemnity Company of Connecticut ("Travelers" or the "Defendant"), sued in error as Travelers Insurance Company, has moved on statute of limitations grounds pursuant to Rule 56, Fed. R. Civ. P., for summary judgment dismissing the complaint of Plon Realty Company ("Plon" or the "Plaintiff") seeking to recover under its Travelers policy for water damage to the premises at 42 East 23rd Street, New York, NY. For the reasons set forth below, the motion is granted, and the complaint will be dismissed.

**Prior Proceedings**

Plon commenced the instant action in New York State Supreme Court, New York County, on October 22, 2004, by filing with the clerk a summons and complaint and receiving index number 115037/2004. The complaint alleged water damage suffered on February 8, 2004. On November 23, 2004, the action was removed to this court and on January 6, 2005, Travelers filed its answer, which did not contain a statute of limitations affirmative defense.

1

On August 10, 2005, Plon filed an amended complaint alleging that the water damage occurred on February 8, 2002.

The Plon response to Travelers' interrogatory requesting that Plon set forth the date and time of the damage alleged in the complaint stated that it occurred "[o]n or about February 8, 2002" and that "([t]he complaint should be corrected from February 8, 2004 to February 8, 2002)". Plon's president Pablo Llorente ("Llorente"), in two separate sworn verifications, attested under oath to the accuracy of the amended complaint and to plaintiff's answers to Travelers' interrogatories. Discovery proceeded; Llorente failed to appear at his scheduled deposition.

The instant motion was marked fully submitted on September 26, 2007.

**The Facts**

The facts are set forth in the Rule 56.1 Statement of Travelers and the affidavits of counsel. No

2

Rule 56.1 counterstatement has been submitted by Plon. The facts are not disputed except as noted below.

On or about August 23, 2001, Travelers issued to Plon a property insurance policy bearing policy number I-680-994Y3418-TCT-01 (the "Plon policy"). The Plon policy's policy period ran from October 1, 2001 to October 1, 2002.

The Plon policy contains the following provision:

F. COMMERCIAL PROPERTY CONDITIONS

* * *

4. Legal Action Against Us

   No one may bring a legal action against us under this Coverage Form unless:

   a. There has been full compliance with all of the terms of this Coverage Form; and

   b. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

The water damage incident alleged in the amended complaint (the "incident") for which plaintiff now seeks a declaratory judgment of coverage against Travelers occurred on or about February 8, 2002.

On September 5, 2002, June 22, 2003, February 28, 2004, and May 22, 2004, letters were sent by counsel for Plon to Travelers concerning the Plon claim.

On October 4, 2002, Travelers sent Plon's attorney a preprinted form acknowledging the Plon claim and requesting an estimate of damages. On April 8, 2004, and April 13, 2004, by letter, Travelers sought Plon's information concerning the claim.

Counsel for Plon wrote a letter to Travelers' attorney dated May 8, 2005, stating, in pertinent part:

> Please be advised that I am correcting the complaint dated August 10, 2004. An error was made on the complaint that reflected the date of occurrence as on or about February 8, 2004. The correct date is on or about February 8, 2002.

**The Issues**

Plon has, by its attorney's affidavit, opposed the motion of Travelers on the grounds that the statute of limitations defense has been waived by Travelers and that Travelers is equitably estopped by its inactivity and its

4

having improperly lulled Plon into not proceeding with its claim.

## There Was No Waiver of the Limitations Defense

As noted above, Plon commenced this action on October 22, 2004. In its original complaint, Plon alleged the date of that incident as being "[o]n or about February 8, 2004." (Compl. ¶4). On October 10, 2005, Plon served an amended complaint dated August 10, 2005, which alleged that the water damage was suffered on February 8, 2002.

In The Legal Aid Soc'y v. City of New York, 114 F. Supp. 2d 204 (S.D.N.Y. 2000), the plaintiff contended that the defendant had forfeited the affirmative defense of exhaustion of administrative remedies by not having raised it in its original answer or in its motion to dismiss. The court rejected this argument, 114 F. Supp. 2d at 222, holding that because the defense was asserted in the answer to a second amended complaint, it was fully preserved. The court relied upon Massey v. Heiman, 196 F.3d 727 (7th Cir. 1999), which stated, "[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward. .

5

. . Because a plaintiff's new complaint wipes away prior pleadings, the amended complaint opens the door for defendants to raise new and previously unmentioned affirmative defenses." Massey, 196 F.3d at 735 (citation omitted). The Massey court went on to explain that "[t]o hold to the contrary would, in essence, enable plaintiffs to change their theory of the case while simultaneously locking defendants into their original pleading. This result would clearly contravene Federal Rule of Civil Procedure 15(a) which authorizes the amendment of answers 'as justice so requires.'" Id.

Even where a defendant completely fails to plead a defense, courts have construed a subsequent summary judgment motion based on that defense as one to amend the answer to include it where the defense was unavailable at the time the movant served the answer. See Cowan v. Ernest Codelia, P.C., 149 F. Supp. 2d 67, 74 (S.D.N.Y. 2001).

As Travelers raised the contractual statute of limitations defense as soon as Plon amended its pleading, there was no waiver.

6

**There Was No Equitable Estoppel**

In this diversity suit, New York law applies. The highest court of this state has held that an insured must comply with a property insurance policy's time to sue provisions if it wishes to litigate a denial of coverage. See, e.g., Gilbert Frank Corp. v. Fed. Ins. Co., 70 N.Y.2d 966 (1988); Blitman Constr. Corp. v. Ins. Co. of North America, 66 N.Y.S.2d 820 (1985). New York intermediate appellate courts have consistently followed this rule.

In Blanar v. State Farm Ins. Cos., 824 N.Y.S.2d 702 (App. Div. 2006), plaintiffs sought to avoid a limitations provision and by arguing that it was ambiguous and that the insurance company had run afoul of a certain insurance department regulation. The court rejected both contentions, stating:

> It is undisputed that plaintiffs failed to commence this action for first-party coverage under their homeowners insurance policy within two years after the occurrence causing the loss of damage, as required by a provision in the policy. Such limitations periods are enforceable . . . and, although the action was commenced within the six-year statute of limitations for breach of contract actions . . . [i]t is well settled that parties to a contract may agree that

7

> a lawsuit must commenced within a shorter period than that prescribed by law.

Id. at 703 (internal quotation marks and citations omitted).

New York's highest court has also ruled that "[e]vidence of communications or settlement negotiations between an insured and its insurer either before or after expiration of a limitations period contained in a policy is not, without more, sufficient to prove waiver or estoppel" with regard to the timeliness defense. Gilbert Frank Corp., 70 N.Y.2d at 968. A plaintiff must show "a clear manifestation of intent" by a carrier "to relinquish the protection of the contractual imitations period" before the insurer can be said to have waived or can be estopped from asserting the defense. Id.

Plon's counsel has referred to the correspondence from Travelers to support the contention that "Travelers Insurance lulled my client in [to] not starting an action." ("Affirmation In Opposition To Defendant's Summary Judgment Motion" dated August 13, 2007).

None of the letters cited by Plon demonstrate "a clear manifestation of intent . . . to relinquish the protection of the contractual limitations period." Gilbert Frank Corp., 70 N.Y.2d at 968. At best, Travelers' letters indicate that it would investigate the claim, nothing more.

Such communications between an insured and its insurer about the claim do not suffice, under Gilbert Frank, to stave off the timeliness defense where it is applicable. Even more concrete actions by an insurer have been held not to prevent the assertion of a timeliness defense. For example, in Saxena v. New York Prop. Ins. Underwriting Ass'n, 648 N.Y.S.2d 689 (App. Div. 1996), lv. den., 89 N.Y.2d 809 (1997), the insurer agreed with the insured that there was coverage for two losses, but an agreement on the amount to be paid was not reached. This prompted the carrier to invoke the appraisal feature of the policy. The insured did nothing in response to this, and the two-year time to sue passed. The plaintiff sued the carrier, who neglected to include the contractual statute of limitations defense in its answer. Upon a motion for summary judgment, plaintiff contended that the appraisal demand tolled the policy limitations period. The court held that the request for appraisal was not "a clear

9

manifestation of intent" by the carrier to give up the defense and the carrier could still take advantage of it. Id. at 690.

In Schunk v. New York Cent. Mut. Fire Ins. Co., 655 N.Y.S.2d 210 (App. Div. 1997), the contractual statute of limitations defense was upheld despite the fact that the carrier had actually made various offers of settlement.

Only if a carrier engages in a course of conduct which lulls the policy holder into inactivity in the belief that its claim will be paid, or where the insured is induced by fraud or misrepresentation to refrain from commencing a timely action, will the carrier be estopped from asserting the statute of limitations defense. See, e.g., Minichello v. Northern Assurance Co. of Americas, 758 N.Y.S.2d 669 (App. Div. 2003); Sulner v. G.A. Ins. Co. of New York, 637 N.Y.S.2d 144 (App. Div. 1996), lv. den., 88 N.Y.2d 805 (1996). Here, none of the letters indicates that the carrier was ready to enter into negotiations to settle the claim, much less pay it. They also fail to show any conduct by Travelers that would have otherwise lulled plaintiff into sitting on its rights or that indicates that the carrier engaged in any fraud or misrepresentations.

Plon has contended that Travelers' failure to respond to its lawyer's inquiries about the claim justified not bringing suit in accordance with the policy. However, "[d]elay by the insurance carrier in completing its investigation of the claim does not excuse the plaintiff from timely commencing an action, since he or she is bound by the terms of the contract to either commence an action prior to the expiration of the limitations period or obtain a waiver or extension of such provision." Brown v. Royal Ins. Co. of America, 620 N.Y.S.2d 399 (App. Div. 1994). Even if Travelers may have delayed or ignored Plon's lawyers' correspondence, this does not deprive the company of the right to rely on a clear and unambiguous policy provision. Sulner, 637 N.Y.S.2d 144.

In Enright v. Nationwide Ins., 743 N.Y.S.2d 786 (App. Div. 2002), the plaintiffs argued that suit was postponed because they had submitted some damage receipts to the carrier and were waiting to see if the carrier would pay their claim. The court ruled that this could not excuse their failure to sue in time: "To protect their rights under the policy, plaintiffs should have commenced this action before the limitations period expired or

obtained a waiver from defendant of that provision in the contract." Id.

In addition, the letters referred to by Plon are not clearly relevant to the loss that is the subject of this litigation. All but one of the letters from Travelers bear a 2004 date. They reference claim number "AKC 6189" and a date of loss of "1/13/04." The Travelers letter from 2002 refers to a completely different claim number ("AQA 0029") and a date of loss of "08/06/02." Given plaintiff's counsel's May 8, 2005, letter to Travelers' counsel, Plon's response to Travelers' interrogatory "2", the amended complaint, and the affirmation in opposition to the instant motion, the date of the loss alleged in this action is February 8, 2002. Letters that appear to pertain to another date may result in confusion over two different claims. Plon may have resubmitted a claim in 2004 for the 2002 loss. In the absence of testimony from Plon's president, the relevance of the correspondence has not been established.

The April 19, 2004, claim denial letter may well apply to another claim entirely. However, even if it does connect with the present claim, failure to refer to the

contractual suit limitation period in a declination letter
will not estop a carrier from asserting it in a subsequent
lawsuit, especially where the letter itself states that the
carrier is not waiving any defenses, as the April 19, 2004,
letter states on the second page. Blanar, 824 N.Y.S.2d
702, 703; Schunk, 655 N.Y.S.2d at 212.

Where a carrier omits from its declination letter
a ground for denial of a claim, it may still raise it in
the ensuing action as long as the carrier did not waive it
and the plaintiff sustained no prejudice. See, e.g., Brown
v. State Farm Ins. Co., 655 N.Y.S.2d 104 (App. Div. 1997).

April 19, 2004, the date of the purported denial
letter, is over two years from the February 8, 2002 date of
the alleged loss. Whether the correspondence mentioned the
time to sue defense or not, it was already too late for
Plon to commence an action.

### The Alleged Continuing Damages
### Do Not Extend the Limitations Period

For purposes of an insurance policy's contractual
statute of limitations clause, the time to bring an action

commences on the date of the event which gave rise to the claim. Lichter Real Estate Number Three, L.L.C. v. Greater New York Ins. Co., 841 N.Y.S.2d 93, 94 (App. Div. 2007); Klawiter v. CGU/OneBeacon Ins. Group, 810 N.Y.S.2d 756, 757 (App. Div. 2006).

A party opposing a motion for summary judgment may not rest upon mere conclusory or "fanciful" allegations. Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 101 (2d Cir. 1997). Here, Plon, pointing to the following statements made by its attorney, alleges that the damages worsened over time: "The damage to the balance of the building was on a continuing basis" and "[o]n 2/21/04 our office wrote a letter indicating that the 'damage was becoming progressively worst [sic]. The damage was 'on going' and was not confined to a single date of 2/10/02."

The two statements by Plon's counsel fail to create a question of fact on this motion. Moreover, the statements by counsel are not on personal knowledge as required by Rule 56(e), Fed. R. Civ. P. Plon's attorney's affirmation states explicitly (on the last page) that "[t]his affirmation was based upon conversations with the [sic] Pablo Llorente, President of Plon Realty Corp.,"

14

correspondence with Travelers, and his and the court's files. These allegations cannot, as a matter of law, succeed in raising a bona fide issue of fact on a summary judgment motion.

**Conclusion**

For the reasons set forth above, the motion for summary judgment dismissing the amended complaint is granted.

Submit judgment on notice.

So ordered.

**New York, N.Y.**
~~January~~ February 1, 2008

ROBERT W. SWEET
U.S.D.J.

15